People v Parker (2024 NY Slip Op 04742)

People v Parker

2024 NY Slip Op 04742

Decided on October 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 01, 2024

Before: Moulton, J.P., Mendez, Higgitt, O'Neill Levy, Michael, JJ. 

Ind. No. 1052/17 Appeal No. 2661 Case No. 2019-2292 

[*1]The People of the State of New York, Respondent,
v
Channing Parker, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Mimi Lei of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Judgment, Supreme Court, New York County (Curtis J. Farber, J.), rendered December 18, 2018, convicting defendant, upon his plea of guilty, of criminal sexual act in the first degree and sexual abuse in the first degree, and sentencing him to an aggregate term of 20 years, followed by 15 years of postrelease supervision, unanimously affirmed.
Defendant made a valid waiver of his right to appeal, foreclosing appellate review of the issues raised on appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]). Even were we to find that the appeal waiver was invalid, we perceive no basis for reducing the sentence or remanding for a new sentencing proceeding. Defendant's claim that he could not be sentenced because the Department of Probation did not interview him in preparing the presentence report is unpreserved (see People v Davis, 145 AD3d 623, 624 [1st Dept 2016], lv denied 28 NY3d 1183 [2017]), and we decline to review it in the interest of justice. As an alternative holding, we find that a new sentencing proceeding is not warranted because he received the sentence he was promised, and showed no inclination to seek even greater leniency. Had defendant wished to be interviewed, he could have requested an adjournment for such an interview instead of agreeing, through counsel, to proceed to sentencing without one. There is no statutory requirement that a defendant be interviewed (People v Serrano, 158 AD3d 467, 468 [1st Dept 2018] [internal quotation marks and citations omitted], lv denied 31 NY3d 1082 [2018]; see also People v Medero, 155 AD3d 469 [1st Dept 2017], lv denied 30 NY3d 1117 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2024